*By attorney for Plaintiffs:*

Lindsey Schromen-Wawrin, WSBA # 46352
Shearwater Law PLLC
Community Environmental Legal Defense Fund
306 West Third Street
Port Angeles, WA 98362
(360) 406-4321
lindsey@world.oberlin.edu

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
## SPOKANE DIVISION

| | |
|---|---|
| **Dr. Gunnar Holmquist, Nancy Nelson, Lewis Nelson, Margie Heller, Deena Romoff, George Taylor, G. Maeve Aeolus,** | No. 2:17-cv-00046 |
| Plaintiffs, | **Plaintiffs' Complaint seeking declaratory judgment and permanent injunctive relief** |
| v. | |
| **United States,** | *Demand for Jury Trial* |
| Defendant. | |

1

2      **COMPLAINT SEEKING DECLARATORY AND INJUNCTIVE RELIEF**

3          The federal government currently preempts most local control and

4    regulation over rail transportation within the United States through the Interstate

1   Commerce Commission Termination Act of 1995. That preemption prohibits local

2   lawmaking that would ban the transportation by rail of fossil fuels through cities,

3   even when such lawmaking is exercised to stop climate change or to protect the

4   public from health and safety dangers inherent in the transportation of coal and oil

5   by rail. In the City of Spokane, the City Council has removed an initiative from

6   the ballot that would ban fossil fuel transportation by rail through the City, on the

7   basis that such a local law would be preempted by federal statute.

8         In response, Plaintiffs are filing this action against the federal government,

9   seeking a declaratory judgment that the preemption provisions of the Interstate

10  Commerce Commission Termination Act of 1995 (hereinafter "ICCTA") are

11  unconstitutional – to the extent that they prohibit the people of cities from banning

12  the rail transportation of fossil fuels – because they violate the federal

13  constitutional right of the people of Spokane to a liveable climate, and because the

14  provisions violate their federally and state-guaranteed constitutional right of local

15  community self-government.

16  **PARTIES**

17  1. Plaintiff DR. GUNNAR HOLMQUIST resides in the City of Spokane. He

18      is the sponsor of Initiative 2016-1 and Initiative 2016-2 within the City of

19      Spokane, which would ban the transportation of coal and oil by rail through

20      the City of Spokane, on the basis of the impact of those fossil fuels on

21      climate change and public health and safety. He is a resident of the City of

1    Spokane, and supports lawmaking by the City of Spokane to protect

2    people's rights by banning fossil fuel trains through the City.

3    2. Plaintiff NANCY NELSON resides in Rockford, Washington, and works in

4    Spokane, Washington on a variety of volunteer projects. On August 31,

5    2016, because her governments are not protecting her community's rights to

6    climate, health, or safety, she occupied a railway line and was arrested and

7    charged with trespassing on the property of Burlington Northern Santa Fe,

8    Inc. ("BNSF") and with obstruction of a train. She supports lawmaking by

9    the City of Spokane to protect people's rights by banning fossil fuel trains

10    through the City.

11    3. Plaintiff LEWIS NELSON resides in Rockford, Washington, and works in

12    Spokane on a variety of volunteer projects. On September 29, 2016, because

13    his governments are not protecting his community's rights to climate,

14    health, or safety, he occupied a railway line and was arrested and charged

15    with trespassing on the property of BNSF. He supports lawmaking by the

16    City of Spokane to protect people's rights by banning fossil fuel trains

17    through the City.

18    4. Plaintiff MARGIE HELLER resides in Cheney, Washington, and works in

19    Spokane. On August 31, 2016, because her governments are not protecting

20    her community's rights to climate, health, or safety, she occupied a railway

21    line and was arrested and charged with trespassing on BNSF property and

with obstruction of a train. She supports lawmaking by the City of Spokane to protect people's rights by banning fossil fuel trains through the City.

5.  Plaintiff DEENA ROMOFF resides in the City of Spokane. On August 31, 2016, because her governments are not protecting her community's rights to climate, health, or safety, she occupied a railway line and was arrested and charged with trespassing on BNSF property and with obstruction of a train. She is a resident of the City of Spokane, and she supports lawmaking by the City of Spokane to protect people's rights by banning fossil fuel trains through the City.

6.  Plaintiff GEORGE TAYLOR resides in the City of Spokane. On September 29, 2016, because his governments are not protecting his community's rights to climate, health, or safety, he occupied a railway line and was arrested and charged with trespassing on BNSF property and with obstruction of a train. He is a resident of the City of Spokane, and he supports lawmaking by the City of Spokane to protect people's rights by banning fossil fuel trains through the City.

7.  Plaintiff G. MAEVE AEOLUS resides in the City of Spokane. On September 29, 2016, because her governments are not protecting her community's rights to climate, health, or safety, she occupied a railway line and was arrested and charged with trespassing on BNSF property and with obstruction of a train. She is a resident of the City of Spokane, and she

1    supports lawmaking by the City of Spokane to protect people's rights by

2    banning fossil fuel trains through the City.

3    8. Defendant UNITED STATES is the Sovereign, and is represented in this

4    District by United States Attorney Michael C. Ormsby, and is located at

5    920 West Riverside Avenue, Suite 340, Spokane, Washington 99201.

6                    **VENUE AND JURISDICTION**

7    9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346

8    and 28 U.S.C. § 1331, and pursuant to this Court's supplemental jurisdiction

9    under 28 U.S.C. § 1367.

10   10. The Plaintiffs seek equitable relief and declaratory judgment, pursuant to

11   28 U.S.C. § 2201 and 28 U.S.C. § 2202.

12   11. Venue is proper in this Court because a substantial amount of the events or

13   omissions giving rise to the Plaintiffs' claims occurred, and are occurring in,

14   the Eastern District of Washington.

15   12. Venue is also proper in this Court because the City of Spokane is located

16   within the Eastern District of Washington.

17                    **FACTUAL BACKGROUND**

18   13. On June 10, 2016, a Spokane physician, Doctor Gunnar Holmquist, filed a

19   proposed citizens' initiative with the Clerk of the City of Spokane, who

20   designated it Initiative No. 2016-1.

Complaint - 5 of 19

14. That citizens' initiative proposed a ban on the transportation of coal or crude oil by rail within the City of Spokane, as a violation of the right of the people of Spokane to a healthy climate.

15. Pursuant to Spokane City Code section 2.02.230, the sponsor of the initiative and the City Attorney's office prepared a ballot title and summary of the measure.

16. At the Spokane City Council meeting held on June 21, 2016, the Council took no action to place the initiative directly onto the ballot.

17. On July 8, 2016, Dr. Holmquist submitted a new version of the proposed citizens' initiative to the Spokane City Clerk, designated Initiative 2016-2. *See* Attachment One to this Complaint.

18. The new initiative proposed a ban on the transportation of coal and oil within the City of Spokane as a violation of the people of Spokane's right to a healthy climate.

19. On Monday, July 18, 2016, the Spokane City Council considered directly placing the initiative onto the ballot, and voted against the placement of Initiative 2016-2 onto the ballot, citing concerns about federal preemption.

20. On Monday, July 18, 2016, Spokane City Councilmember Breean Beggs introduced Resolution 2016-0064, which proposed to submit a ballot proposition to the voters of the City of Spokane for the enactment of a new section of the Spokane City Code prohibiting the transit of certain fossil

1    fuels by rail within the City of Spokane.

2    21.On Monday, July 25, 2016, the Spokane City Council voted unanimously to

3        adopt Resolution 2016-0064, and requested that the Spokane County

4        Auditor hold a special election on November 8, 2016 for the ballot

5        proposition.

6    22.On August 2, 2016, the Hearing Examiner for the City of Spokane issued a

7        legal opinion on Initiative 2016-2, declaring that the Initiative, if adopted,

8        would be preempted by federal law and that "it is well established that a

9        state or local law that permits a non-federal entity to restrict or prohibit the

10        operations of a rail carrier is preempted" by federal law. *See* City of

11        Spokane Hearing Examiner's Opinion of August 2, 2016 (Attachment Two

12        to this Complaint).

13    23.The conclusion of the Hearing Examiner was that "the proposed ban on the

14        transport of oil and coal by rail is therefore outside the scope of the

15        initiative power."

16    24.On Monday, August 15, 2016, Council President Ben Stuckart introduced

17        Resolution 2016-0071 to rescind Resolution No. 2016-0064 and thereby

18        withdraw the Spokane City Council's request to the Spokane County

19        Auditor for the placement of the Resolution on the November 8, 2016,

20        ballot.

25. In his remarks supporting the rescission of the earlier Resolution, Council President Stuckart explained that the Resolution was not "legally defensible" because the rail transportation of fossil fuels through the City of Spokane was controlled by federal law, and thus, any effort by the Spokane City Council to prohibit that transportation would be preempted by federal statute.

26. By a 5-2 vote, the Spokane City Council adopted Resolution 2016-0071 and removed the measure from the November 8, 2016, ballot.

27. On October 3, 2016, Spokane City Councilmember Breean Beggs filed a new initiative with the Spokane City Clerk, designated Initiative 2016-6, which again sought to ban the transit of coal and oil by rail through the City of Spokane.

28. On October 17, 2016, the Spokane City Council considered the placement of Initiative 2016-6 directly onto the ballot, and decided to take no action on the Initiative.

29. On November 1, 2016, the Hearing Examiner for the City of Spokane issued a legal opinion on the Initiative, concluding that the Initiative "is preempted by federal law and cannot be validly adopted." *See* City of Spokane Hearing Examiner's Opinion of November 1, 2016 (Attachment Three to this Complaint).

## I.    The Right to Climate

30. Global warming of the Earth's air and ocean temperatures has been steadily increasing the past 100 years, due primarily to human activities that increase atmospheric greenhouse gas concentrations. This is established scientific fact, undisputed among all credible science institutions worldwide.

31. The consequences of global warming and increased atmospheric greenhouse gas concentrations are already seen, including ocean acidification causing widespread coral bleaching and declining fisheries, rising sea levels with human displacement, chaotic weather patterns with record heat waves, droughts, fires, superstorms, and flooding, destabilizing agricultural systems, and ecosystem disruptions that are producing a sixth mass species extinction. These factors combined threaten the continued survival of human society.

32. The combustion of fossil fuels is the primary direct cause of this global climate change.

33. Continued combustion of fossil fuels will exacerbate global climate change and its consequences.

34. Extraction of fossil fuels, and their transportation to different locales for combustion, is a contributing factor to the combustion of fossil fuels, and thus, to global climate change.

35. Global climate change represents a threat to the continued survival of human society, and is causing the mass extinction of other species.

36. On November 10, 2016, Judge Ann Aiken of the United States District Court for the District of Oregon (Eugene Division), in the case of *Juliana v. United States* (No. 6:15-cv-01517), held that people possess a fundamental constitutional right to a "climate system capable of sustaining human life."

37. In that same opinion, Judge Aiken held that a "stable climate system is quite literally the foundation 'of society, without which there would be neither civilization nor progress.'"

38. In that same opinion, Judge Aiken declared that "this Court simply holds that where a complaint alleges governmental action is affirmatively and substantially damaging the climate system in a way that will cause human deaths, shorten human lifespans, result in widespread damage to property, threaten human food sources, and dramatically alter the planet's ecosystem, it states a claim for a due process violation."

39. Global climate change threatens the Plaintiff's property, their economic livelihood, their recreational opportunities, their health, and ultimately their (and their children's) ability to live long, healthy lives.

40. A stable climate system is a necessary condition to exercising the Plaintiffs' rights to life, liberty, and property.

41. The people of the City of Spokane, including the Plaintiffs in this action, possess a fundamental constitutional right to a climate capable of sustaining and fostering life.

42. The right to a climate capable of sustaining and fostering life is fundamental to a free and ordered society.

## II.   The Right of Local Community Self-Government

43. The right of local community self-government is an inherent, fundamental, and unalienable right held by each individual person who resides within the City of Spokane, and that right may be exercised collectively by the residents of the City of Spokane to make binding law.

44. The right of local community self-government is essential to the individual liberties in our society, and is deeply rooted in our nation's history and tradition.

45. The right of local community self-government is secured by the American Declaration of Independence, which recognizes four principles of law essential to American governments: first, that people possess certain fundamental civil and political rights; second, that governments are created to secure those rights; third, that governments owe their existence to, and derive their power exclusively from, the community of people that creates and empowers them; and fourth, that if government becomes destructive of those ends, the people have a right and a duty to alter or abolish that system

1    of government and replace it with one which both recognizes their

2    self-governing authority and protects their civil and political rights.

3    46. The right of local community self-government is secured by the United

4    States Constitution, which both asserts the principles of the Declaration of

5    Independence in the Preamble and secures the right of local community

6    self-government through the Ninth Amendment.

7    47. The right of local community self-government is secured the Washington

8    Constitution, in Article I, Sections 1, 29, 30, and 32 of the Declaration of

9    Rights, and by the history of the right of local community self-government

10   within Washington State and the nation.

11   48. The right of local community self-government includes:

12      a. The right to a system of government within the local community that is

13         controlled by a majority of that community's citizens.

14      b. The right to a system of government within the local community that

15         secures and protects the political and civil rights of every person in the

16         community.

17      c. The right to alter or abolish any system of government that either fails to

18         incorporate majority governance or that fails to secure and protect the

19         civil and political rights of citizens and residents of the community.

20   49. The people's authority to wield their right of local community

21   self-government is separate and distinct from, and not limited by, the

1    authority held by municipal corporations to enact local laws.

2    50. The people's right of local community self-government is not limited by the

3    authority granted to the City of Spokane by Washington law; indeed,

4    because the right is inherent, fundamental and unalienable, it cannot be so

5    limited.

6    **CAUSES OF ACTION**

7    **COUNT ONE:**

8    **THE PREEMPTION PROVISIONS OF THE INTERSTATE COMMERCE**
9    **COMMISSION TERMINATION ACT OF 1995 VIOLATE THE**
10   **FEDERAL CONSTITUTIONAL RIGHT OF THE PLAINTIFFS TO A**
11   **LIVEABLE CLIMATE**

12   51. All of the preceding paragraphs of this Complaint are incorporated herein

13   by reference.

14   52. The Plaintiffs possess a fundamental federally-guaranteed constitutional

15   right to a liveable climate.

16   53. A liveable climate is one which is capable of sustaining and fostering life on

17   the planet.

18   54. A stable climate system is a necessary condition for the Plaintiffs to exercise

19   their other rights to life, liberty, and property.

20   55. The continued transportation of fossil fuels through the City of Spokane by

21   rail transportation violates the Plaintiffs' fundamental, federally-guaranteed

22   constitutional right to a liveable climate.

56. As part of the Plaintiffs' right to a liveable climate, they possess a constitutional right to defend themselves against violations of that right.

57. The preemption provisions of the Interstate Commerce Commission Termination Act of 1995 (ICCTA) prevent the Plaintiffs from securing their right to a liveable climate, and guarantee the violation of that right.

58. The preemption provisions of the ICCTA violate the Plaintiffs fundamental, federally-guaranteed right to a liveable climate.

59. ICTTA's infringement of the constitutional right of the Plaintiffs to a liveable climate is not necessary to serve a compelling state interest, and, therefore, is unconstitutional.

## COUNT TWO:

**THE PREEMPTION PROVISIONS OF THE INTERSTATE COMMERCE COMMISSION TERMINATION ACT OF 1995 VIOLATE THE FEDERAL CONSTITUTIONAL RIGHT OF THE PLAINTIFFS TO LOCAL COMMUNITY SELF-GOVERNMENT**

60. All of the preceding paragraphs of this Complaint are incorporated herein by reference.

61. The Interstate Commerce Commission Termination Act of 1995 (ICCTA), 49 U.S.C. § 10101 *et seq.* gives the federal Surface Transportation Board exclusive jurisdiction over transportation by rail carriers in the United States.

62. Federal courts have ruled that the ICCTA preempts local regulation of rail carriers if those laws "may reasonably be said to have the effect of 'managing' or 'governing' rail transportation."

63. The people of the City of Spokane possess a fundamental, federally-secured constitutional right of local community self-government.

64. The Spokane City Council has refused to place onto the ballot any initiatives that would regulate or control the rail transportation of oil and coal through the City of Spokane, on the basis of federal preemption.

65. The City of Spokane's Hearing Examiner has issued several legal opinions that any local regulation or control of the rail transportation of oil and coal through the City of Spokane would be preempted by the federal ICCTA.

66. The preemption provisions of the ICCTA infringe the constitutional right of the people of the City of Spokane to local community self-government because those preemption provisions eliminate the authority of the people of Spokane to adopt local laws to protect their rights, and their health, safety, and welfare, in any manner which would exceed the baseline standards set by federal law.

67. ICCTA preemption provisions act as a ceiling that limits the people of Spokane's ability to protect their rights, and their health, safety, and welfare, and those provisions therefore prevent the people of Spokane from using their government to protect themselves.

Complaint - 15 of 19

68. ICTTA's infringement of the federally-guaranteed constitutional right of local community self-government is not necessary to serve a compelling state interest, and therefore, is unconstitutional.

**COUNT THREE:**

**THE PREEMPTION PROVISIONS OF THE INTERSTATE COMMERCE COMMISSION TERMINATION ACT OF 1995 VIOLATE THE STATE CONSTITUTIONAL RIGHT OF THE PLAINTIFFS TO LOCAL COMMUNITY SELF-GOVERNMENT**

69. All of the preceding paragraphs of this Complaint are incorporated herein by reference.

70. The Interstate Commerce Commission Termination Act of 1995 (ICCTA), 49 U.S.C. § 10101 *et seq.* gives the federal Surface Transportation Board exclusive jurisdiction over transportation by rail carriers in the United States.

71. Federal courts have ruled that the ICCTA preempts local regulation of rail carriers if those laws "may reasonably be said to have the effect of 'managing' or 'governing' rail transportation."

72. The people of the City of Spokane have a fundamental constitutional right of local community self-government as secured by the Washington Constitution.

73. Article I, Section 1 of the Washington Constitution provides that "[a]ll political power is inherent in the people, and governments derive their just

1    powers from the consent of the governed, and are established to protect and

2    maintain individual rights."

3    74.Article I, Section 29 of the Washington Constitution provides that "[t]he

4    provisions of this Constitution are mandatory, unless by express words they

5    are declared to be otherwise."

6    75.Article I, Section 30 of the Washington Constitution provides that "[t]he

7    enumeration in this Constitution of certain rights shall not be construed to

8    deny others retained by the people."

9    76.Article I, Section 32 of the Washington Constitution provides that "[a]

10   frequent recurrence to fundamental principles is essential to the security of

11   individual rights and the perpetuity of free government."

12   77.The Spokane City Council has refused to place onto the ballot any

13   initiatives that would regulate or control the rail transportation of oil and

14   coal through the City of Spokane, on the basis of federal preemption.

15   78.The City of Spokane's Hearing Examiner has issued several legal opinions

16   that any local regulation or control of the rail transportation of oil and coal

17   through the City of Spokane would be preempted by the federal ICCTA.

18   79.The preemption provisions of the ICCTA infringe the constitutional right of

19   the Plaintiffs to local community self-government as secured by the

20   Washington Constitution because those preemption provisions eliminate the

21   authority of the people of Spokane to adopt local laws to protect their

1    health, safety, and welfare in a manner which exceeds the standards set by

2    federal law.

3    80. The ICCTA's infringement of the state-guaranteed constitutional right of

4    local community self-government is not necessary to serve a compelling

5    state interest, and therefore is unconstitutional.

6    **RELIEF SOUGHT**

7    WHEREFORE, the Plaintiffs in this action respectfully request the following

8    relief:

9    (a) A declaration that the preemption provisions of the ICCTA, including but

10    not limited to 49 U.S.C. § 10501, violate the federally-secured

11    constitutional right of the people of the City of Spokane to a liveable

12    climate and to local community self-government, when applied to preempt

13    local laws that provide greater protections for people's rights, and greater

14    protections for their health, safety, and welfare;

15    (b) A declaration that the preemption provisions of the ICCTA, including but

16    not limited to 49 U.S.C. § 10501, violate the state-secured constitutional

17    right of the people of the City of Spokane to local community

18    self-government, when applied to preempt local laws that provide greater

19    protections for people's rights, and greater protections for their health,

20    safety, and welfare;

1    (c) Permanent injunctive relief enjoining the federal Surface Transportation

2        Board from issuing any order establishing preemptive control over any local

3        regulation or control of the rail transport of coal or oil within the City of

4        Spokane;

5    (d) Such further and other relief as the Court deems just and proper.

6

7

8

9    Submitted this 31st Day of January, 2017.

10

11

12

13        Lindsey Schromen-Wawrin, WSBA #46352
14        Shearwater Law PLLC
15        Community Environmental Legal Defense Fund
16        306 West Third Street
17        Port Angeles, Washington 98362
18        (360) 406-4321
19        lindsey@world.oberlin.edu
20
21        *Attorney for Plaintiffs*